# UNITED STATES DISTRICT COURT

for the

District of ALASKA

Civil Division

|  |  |  |
|---|---|---|
| | ) | Case No. _____ |
| AMANDA M. LANCASTER | ) | *(to be filled in by the Clerk's Office)* |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| **-v-** | ) | |
| LEVENTHAL LEWIS TAYLOR KUHN SWAN PC, | ) | |
| ERIC BENTLEY, JONATHAN HELFGOTT, LAHTI | ) | |
| HELFGOTT LLC, ANDREW SWAN, MICHAEL | ) | |
| KUHN, SEAN LEVENTHAL, RABEA TAYLOR, | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names.)* | | |

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | AMANDA M. LANCASTER |
| Street Address | 13836 CANYON RD |
| City and County | ANCHORAGE |
| State and Zip Code | AK |
| Telephone Number | 9073017519 |
| E-mail Address | AMANDAMICHELLELANCASTER@GMAIL.COM |

**B.**     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | LEVENTHAL LEWIS TAYLOR KUHN SWAN PC |
| Job or Title *(if known)* | SHAREHOLDER |
| Street Address | 3772 E CHERRY CREEK NORTH DR, UNIT 710 |
| City and County | DENVER |
| State and Zip Code | CO, 80209 |
| Telephone Number | 720-699-3000 |
| E-mail Address *(if known)* | ASWAN@LLLAW.COM |

Defendant No. 2

| | |
|---|---|
| Name | ERIC BENTLY |
| Job or Title *(if known)* | DISTRICT COURT JUDGE |
| Street Address | 270 S. TEJON STREET |
| City and County | COLORADO SPRINGS |
| State and Zip Code | CO 80903 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | JONATHAN HELFGOTT |
| Job or Title *(if known)* | ATTORNEY |
| Street Address | 1580 LOGAN ST, FLOOR 6 |
| City and County | DENVER |
| State and Zip Code | CO 80203 |
| Telephone Number | 3033766160 |
| E-mail Address *(if known)* | JHelfgott@LHlitigation.com |

Defendant No. 4

| | |
|---|---|
| Name | LAHTI HELFGOTT LLC |
| Job or Title *(if known)* | |
| Street Address | 1580 LOGAN ST, FLOOR 6 |
| City and County | DENVER |
| State and Zip Code | CO 80203 |
| Telephone Number | 3033766160 |

E-mail Address *(if known)*     JHelfgott@LHlitigation.com

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

VIOLATION OF SERVICEMEMBER CIVIL RELIEF ACT.

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

a.     If the plaintiff is an individual

The plaintiff, *(name)*  AMANDA M. LANCASTER          , is a citizen of the State of *(name)*  ALASKA          .

b.     If the plaintiff is a corporation

The plaintiff, *(name)*                    , is incorporated under the laws of the State of *(name)*                    ,

and has its principal place of business in the State of *(name)*                    .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

a.     If the defendant is an individual

The defendant, *(name)*   Eric Bently          , is a citizen of

the State of *(name)*    Colorado                                   . Or is a citizen of
*(foreign nation)*    _____ .

    b.    If the defendant is a corporation

The defendant, *(name)*    LEVENTHAL LEWIS TAYLOR    , is incorporated under
the laws of the State of *(name)*    COLORADO                    , and has its
principal place of business in the State of *(name)*    COLORADO                    .
Or is incorporated under the laws of *(foreign nation)*    COLORADO                ,
and has its principal place of business in *(name)*    COLORADO                    .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

    The amount in controversy is roughly $450,000 and interest is ongoing.

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

    Colorado Springs, CO.

B.    What date and approximate time did the events giving rise to your claim(s) occur?

March 2024 through September 2024 the District Court of Colorado erroneously violated Servicemembers Civil Relief Act by entering default and default judgment against Ms. Lancaster. Ms. Lancaster is a reserve officer, who was on active duty orders during this period. The court was made aware on two occasions through pleadings of the violation and refused to take mandatory steps to vacate the entry of default and default judgment against Ms. Lancaster.

Ms. Lancaster filed a motion for relief in April of 2024. A second motion was filed in December of 2024. In that motion she outlined her concerns regarding protection applied to her for her service-related orders. The court erroneously stated Ms. Lancaster must be on active duty for one year to qualify. Service member protections apply for any period of active duty. Annual training is active duty (United States v. Cline, 26 M.J. 1005, I007 (A.F.C.M.R. 1988), quoting "[t]o resolve the issue as to whether the military had personam jurisdiction to prosecute the appellant requires an analysis of procedures involved [\*\*3] in bringing reserve personnel on active duty for their annual tour of duty. The authority for these procedures are contained in Air Force Regulation 10-7, Administrative Orders (Sept 86); Air Force Manual 30-130, Base Level Military Personnel System, Users Manual, Volume I, chapter 22, (Oct 86); and DoD Military Pay and Allowances Entitlements Manual, Table 1-2-1, Rule 7... We start this analysis be defining the terms (1) self activating orders, (2) active duty status and (3) active duty service. Self executing orders are those, which if properly authenticated, require no further action to become effective. Active duty status is the customary term utilized to maintain an individual in a proper format and for accountability by the military personnel system. Active service is the term applied to the time when an individual actually reports and is ready to perform military duties." See also United States v. Phillips, 58 M.J. 217, 218 (C.A.A.F. 2003), quoting "[t]he servicemember had traveled to a military base pursuant to orders, she was reimbursed for the travel and paid for the day, the orders were issued for active duty."). The legislation is clear that active-duty periods trigger the protections under the SCRA and that the court "shall" reopen judgement (50 U.S.C.S App. § 393 l(d)).

Ms. Lancaster asserts the Court violated multiple protections under SCRA. First, that the court failed to recognize her annual tour as active duty. This active duty triggered specific protection against entry of default or default judgment. Ms. Lancaster has provided an exhibit demonstrating her annual tour certification and orders. An annual tour for a reservist is active duty. Second, the court failed to appoint counsel to represent Ms. Lancaster in this matter as is required under SCRA. The court had notice of Ms. Lancaster's active-duty orders and service and failed to appoint counsel. Third, the court did not stay the proceedings or reverse entry of default once it was made clear SCRA protections applied to Ms. Lancaster. The court, once given notice of Ms. Lancaster's military active service, had options to stay the proceedings, vacate entry of default, or appoint counsel. The court failed to apply any of these remedies and as such a violation of SCRA protections took place. Violations of SCRA can result in fines, damages, attorney's fee awards, or other civil relief as deemed appropriate.

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Ms. Lancaster served on annual tour in March of 2024. During this period, Defendant's sought to enter default against Ms. Lancaster. Ms. Lancaster was never properly served, but learned of the entry of default and immediatley filed a Motion for Relief. Ms. Lancaster outlined her active duty status while on annual tour. The court refused to vacate the entry of Default. The court then entered default judgment and Ms. Lancaster again filed for relief and the court again denied the motion.

Ms. Lancaster nows seeks an injunction to remedy the violation of the Service Member Civil Relief Act relating this to this entry of default. Until SCRA reservists annual tour is active duty and as such relief should be granted to Ms. Lancaster for her federal protection.

Ms. Lancaster also seeks fine and penalties to each Defendant in the amount of $55,000 to $110,000 to each defendant, attorney's fees and cost, and punitive damages.

Eric Bently has a history of not following statutory guidance as is addressed the attached article addressing his misapplication of law and reversal by the appeallate court in Colorado. Eric Bentley's repeated misapplication of federal protections. Eric Bently has violated federal law and acted outside of his jursidcition is doing so.

## IV.     Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

In this case, the Colorado judgement allowed for erroneous damages in the amount of roughly $450,000. As a service member this debt is associated with security clearances. Additionally, the defendant's have sought to enforce judgment through repeated garnishment. This means liens and garnishment has already taken place and is ongoing. The erroneouse judgment, liens, and garnishment have already taken a toll on Ms. Lancaster's and her family and must be stopped. Additionally, Ms. Lancaster has had to front over $60,000 in attorney's fees and costs.

## V.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Ms. Lancaster is seeking damages for the federal statute violation. Ms. Lancaster took immediate action and multiple filings to remedy this violation in an effort to resolve this case without federal court intervention. Still the Defendant's elected to openly violate federal rights of the service member. The court then fruadulently entered default and allowed garnishment and liens. Ms. Lancaster then again filed additionally pleadings to remedy the federal violation. The damage has been done and as such, monetary damages should be awarded. This is not a simple error, this is clear and deliberate conduct to blatantly and maliciously violated federal law. A simple vacating of the entry of default in March-April 2024 could have prevented this entire situation. There is no an immediate need for monetary award of damages and punitive damages to remedy the Defendant's malicous and illegal conduct.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____06/01/2025_____

Signature of Plaintiff _____

Printed Name of Plaintiff _____Amanda M. Lancaster_____

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address

5. Defendant Andrew Swan is a citizen of the State of Colorado. Address 3772 Cherry Creek North Dr, Unit 710, Denver CO 80209. Phone: 720-699-3000. Email: ASWAN@LLLAW.COM

6. Defendant Michael Kuhn is a citizen of the State of Colorado. Address 3772 Cherry Creek North Dr, Unit 710, Denver CO 80209. Phone: 720-699-3000. Email: mkuhn@lllaw.com

7. Defendant Sean Leventhal is a citizen of the State of Colorado. Address 3772 Cherry Creek North Dr, Unit 710, Denver CO 80209. Phone: 720-699-3000. Email: SLeventhal@lllaw.com

8. Defendant Paul Lewis is a citizen of the State of Colorado. Address 3772 Cherry Creek North Dr, Unit 710, Denver CO 80209. Phone: 720-699-3000. Email: Plewis@lllaw.com

9. Defendant Rabea Taylor is a citizen of the State of Colorado. Address 3772 Cherry Creek North Dr, Unit 710, Denver CO 80209. Phone: 720-699-3000. Email:rtaylor@lllaw.com

10. Defendant Nick Temming is a citizen of the State of Colorado. Address 3772 Cherry Creek North Dr, Unit 710, Denver CO 80209. Phone: 720-699-3000. Email: Ntemming@lllaw.com

| REQUEST AND AUTHORIZATION FOR ACTIVE DUTY TRAINING/ACTIVE DUTY TOUR | BY ORDER OF THE SECRETARY OF THE AIR FORCE |
|---|---|

**PRIVACY ACT STATEMENT**

AUTHORITY: 10 USC 8013; Executive Order 9397.
PRINCIPAL PURPOSES: Used to request and authorize Air Force reservist tours of active duty as well as acting as a temporary duty travel order. SSN is used to make positive identification of military personnel. Becomes record copy of orders after authentication; enables reservist to procure transportation, receive reimbursement for travel expenses and be paid military pay, as applicable.
ROUTINE USES; A copy of the order may be provided to civilian employers to substantiate active duty military requirements.
DISCLOSURE IS VOLUNTARY: However, without this information and SSN the Air Force cannot act on your travel, per diem and pay entitlements.

| 1. NAME (Last, First, MI) LANCASTER, AMANDA | | | | 2. GRADE | 3. SSN | |
|---|---|---|---|---|---|---|
| 4. PRESENT STREET ADDRESS | | 5. CITY | | | 6. STATE | 7. ZIP CODE |
| 8. UNIT OF ASSIGNMENT | 9. LOCATION | | | | | 10. PAS CODE |

| 11. Mbr is ordered to ANNUAL TRAINING | for 12 * days plus auth tvl time. (0 Tvl Days) | TRACKING #: 10158764 |
|---|---|---|

| 12. WILL REPORT TO (Unit and location) | 13. REPORTING DATA (Hour) | (YYYYMMDD) | 14. RELEASE DATE (YYYYMMDD) |
|---|---|---|---|
| | 0730 | 20240304 | 20240315 |

| | 15. CORPORATE LIMITS | ✓ | 16. COMMUTING AREA | | 17. BAS CODE N |
|---|---|---|---|---|---|

18. REMARKS   AUTH: AFMAN 36-8001 (File travel voucher and completed statement of tour of duty within 5 workdays after tour completion. Travel days will not exceed DODFMR authorized travel time. Per diem is based on availability of gov't quarters and mess; contact the base billeting office since gov't quarters must be used when available.
SEE NEXT PAGE FOR REMARKS.

CONTINUED ON NEXT PAGE

| 19. TNG-CAT-IND | 20. TOUR-IND | 21. MEAN CODE | 22. MAN-DAY ID |
|---|---|---|---|

| **ESTIMATED COST** | 23. TRAVEL $0.00 | 24. PER DIEM $0.00 | 25. OTHER $0.00 | 26. TOTAL $0.00 |
|---|---|---|---|---|

27.   PAY AND ALLOWANCE

| 28. TRAVEL REQUESTING OFFICIAL | (Typed name, grade, DSN) | 29. SIGNATURE "ELECTRONICALLY APPROVED" | 30. DATE 20240209 |
|---|---|---|---|

| 31. DEPARTMENT OF THE AIR FORCE (Enter designation and location of headquarters.) ARPC SWC HQ ARPC BUCKLEY AFB, CO 80011 | TDN: | FOR THE COMMANDER |
|---|---|---|
| | 35. AUTHORIZING/ORDER ISSUING OFFICIAL (Title and Signature) WALTER J GIEBLER JR, GS11 "ELECTRONICALLY APPROVED" | |

OFFICIAL

| 32. RESERVE ORDER NO. DAQ1PD | 33. DATE 20240209 | 34. DISTRIBUTION |
|---|---|---|

36.   STATEMENT OF TOUR OF DUTY

| | LOCATION | HOUR (mil) | DAY | MONTH | | LOCATION | HOUR (mil) | DAY | MONTH | MODE OF TRAVEL |
|---|---|---|---|---|---|---|---|---|---|---|
| a. DEPART | | 0000 | 4 | 3 | b. ARRIVE | | 0730 | 4 | 3 | Personal Car |
| c. DEPART | | 0000 | 15 | 3 | d. ARRIVE | | 0000 | 15 | 3 | Personal Car |

37. I certify that I have complied with the above order. The statements on this form are true and complete. If a Federal Civil Service Employee, I certify that I have applied for appropriate leave.

My Spouse   was   in Active Duty status during this tour.
I   did not   occupy gov't quarters.

**CERTIFICATION**

40. Member reported for duty at 0730 hours on 20240304 and was released from duty at 0430 hours on 20240315

| 41. CERTIFYING OFFICIAL'S PRINTED NAME | 42. DSN |
|---|---|

| 38. MEMBER'S SIGNATURE cn=LANCASTER.AMANDA.1244107520,ou=USAF,ou =PKI,ou=DoD,o=U.S. Government,c=US | 39. DATE 20240413 | 43. CERTIFYING OFFICIAL'S SIGNATURE cn=ALMANZA.JESSICA.JO.1104690501,ou=USAF,ou=PKI,ou= DoD,o=U.S. Government,c=US | 44. DATE 20240910 |
|---|---|---|---|
| 47. TIMEKEEPER STATEMENT I certify receiving a copy of this order for civilian pay related review and processing. | | 45. TIMEKEEPER SIGNATURE | |

AF FORM 938, 20080724        PREVIOUS EDITIONS ARE OBSOLETE

# OFFICIAL


LANCASTER, AMANDA/███████████

ANNUAL TRAINING

Continuation of AF Form 938, Block 18.  Remarks (AFMAN 36-8001):

a.  AUTH: 10 USC 12301(b)

b.  PAY AND ALLOWANCE ESP CODE:  N/A.

c.  TRAVELER USES INDIVIDUALLY BILLED ACCOUNT (IBA).

d.  IF THIS ORDER CONFLICTS WITH THE JTR, THE JTR PREVAILS.

e.  IF THIS ORDER IS FOR A PERIOD OF ACTIVE DUTY OF 90 CONSECUTIVE DAYS OR MORE, INITIAL ACTIVE DUTY FOR TRAINING (BMT AND TECHNICAL SCHOOL), OR IN DIRECT SUPPORT OF A CONTINGENCY OPERATION, SUBMIT A DD FORM 214 WORKSHEET (CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY) VIA VMPF AT THE TIME YOU CERTIFY AND SUBMIT FOR RECEIPT OF PAY.

f.  FOR THIS ORDER, MEMBER WILL DEPART FROM ███████████████████████████████████

g.  03299831
AT.

h.  MEMBERS DUTY STATUS IS 19.

i.  PERSTEMPO CODE, IS J, ██████████████     ████████████████

j.  RENTAL CAR IS NOT AUTHORIZED AT ██████████████████████████

k.  ADVANCE BY FSO IS NOT AUTHORIZED. TRAVELER HAS A GOVT CHARGE CARD AND PIN, WHICH WILL BE USED FOR ATM CASH ADVANCES AND MEALS AND INCIDENTAL EXPENSES (M+IE) PLUS MISCELLANEOUS EXPENSES.

l.  THE TRAVEL AND TRANSPORTATION REFORM ACT OF 1998 (TTRA), PUBLIC LAW 105-264 STIPULATES THAT THE GTCC WILL BE USED BY ALL U.S. GOVERNMENT PERSONNEL, MILITARY AND CIVILIAN TO PAY FOR COSTS INCIDENT TO OFFICIAL GOVERNMENT TRAVEL UNLESS SPECIFICALLY EXEMPT.

m.  THE INTENT OF THIS ORDER IS TO FUND THE TOUR THROUGH THE END DATE FOUND IN BLOCK 14 OF THE AF FORM 938. THIS IS CONTINGENT UPON CONTINUED FUNDING AVAILABILITY WITH THE APPROVAL OF AN APPROPRIATION OR A CONTINUING RESOLUTION ACTION. IF NEITHER OF THESE OCCUR, THE ORDER WILL BE CURTAILED AND THE MEMBER MUST RETURN TO THEIR HOME/PLEAD.

n.  IF APPLIES, MEMBER IS DIRECTED TO ACCOMPLISH RCPHA IAW DAFMAN 48-123, MEDICAL EXAMINATIONS AND STANDARDS ON THIS TOUR AND ENSURE INFORMATION IS UPDATED IN PIMR. IF APPLIES, MEMBER IS DIRECTED TO COMPLETE THE ANNUAL DENTAL EXAM IAW DAFMAN 48-123, MEDICAL AND STANDARDS ON THIS TOUR AND ENSURE INFORMATION IS UPDATED IN EXAMINATIONS CDA. IF APPLIES, MEMBER IS DIRECTED TO PERFORM FITNESS ASSESSMENT IAW AFMAN 36-2905, FITNESS PROGRAM ON THIS TOUR AND ENSURE MYFITNESS IS UPDATED. MEMBER WILL COMPLETE ALL READINESS ACTIONS DURING THIS ORDER. RENTAL CAR NOT AUTHORIZED FOR REIMBURSEMENT WHILE IN IDT STATUS.

**10 U.S.C. § 12301**

## Sec. 12301. Reserve components generally

(a) In time of war or of national emergency declared by Congress, or when otherwise authorized by law, an authority designated by the Secretary concerned may, without the consent of the persons affected, order any unit, and any member not assigned to a unit organized to serve as a unit, of a reserve component under the jurisdiction of that Secretary to active duty for the duration of the war or emergency and for six months thereafter. However a member on an inactive status list or in a retired status may not be ordered to active duty under this subsection unless the Secretary concerned, with the approval of the Secretary of Defense in the case of the Secretary of a military department, determines that there are not enough qualified Reserves in an active status or in the inactive National Guard in the required category who are readily available.

(b) At any time, an authority designated by the Secretary concerned may, without the consent of the persons affected, order any unit, and any member not assigned to a unit organized to serve as a unit, in an active status in a reserve component under the jurisdiction of that Secretary to active duty for not more than 15 days a year. However, units and members of the Army National Guard of the United States or the Air National Guard of the United States may not be ordered to active duty under this subsection without the consent of the governor of the State (or, in the case of the District of Columbia National Guard, the commanding general of the District of Columbia National Guard).

(c) So far as practicable, during any expansion of the active armed forces that requires that units and members of the reserve components be ordered to active duty as provided in subsection (a), members of units organized and trained to serve as units who are ordered to that duty without their consent shall be so ordered with their units. However, members of those units may be reassigned after being so ordered to active duty.

(d) At any time, an authority designated by the Secretary concerned may order a member of a reserve component under his jurisdiction to active duty, or retain him on active duty, with the consent of that member. However, a member of the Army National Guard of the United States or the Air National Guard of the United States may not be ordered to active duty under this subsection without the consent of the governor or other appropriate authority of the State concerned.

(e) The period of time allowed between the date when a Reserve ordered to active duty as provided in subsection (a) is alerted for that duty and the date when the Reserve is required to enter upon that duty shall be determined by the Secretary concerned based upon military requirements at that time.

(f) The consent of a Governor described in subsections (b) and (d) may not be withheld (in whole or in part) with regard to active duty outside the United States, its territories, and its possessions, because of any objection to the location, purpose, type, or schedule of such active duty.

Exh 2.

(g)(1) A member of a reserve component may be ordered to active duty without his consent if the Secretary concerned determines that the member is in a captive status. A member ordered to active duty under this section may not be retained on active duty, without his consent, for more than 30 days after his captive status is terminated.

(2) The Secretary of Defense shall prescribe regulations to carry out this section. Such regulations shall apply uniformly among the armed forces under the jurisdiction of the Secretary. A determination for the purposes of this subsection that a member is in a captive status shall be made pursuant to such regulations.

(3) In this section, the term "captive status" means the status of a member of the armed forces who is in a missing status (as defined in section 551(2) of title 37) which occurs as the result of a hostile action and is related to the member's military status.

(h)(1) When authorized by the Secretary of Defense, the Secretary of a military department may, with the consent of the member, order a member of a reserve component to active duty -

(A) to receive authorized medical care;

(B) to be medically evaluated for disability or other purposes; or

(C) to complete a required Department of Defense health care study, which may include an associated medical evaluation of the member.

(2) A member ordered to active duty under this subsection may, with the member's consent, be retained on active duty, if the Secretary concerned considers it appropriate, for medical treatment for a condition associated with the study or evaluation, if that treatment of the member is otherwise authorized by law.

(3) A member of the Army National Guard of the United States or the Air National Guard of the United States may be ordered to active duty under this subsection only with the consent of the Governor or other appropriate authority of the State concerned.

https://www.coloradopolitics.com/courts/el-paso-county-sex-assault-conviction-overturned-after-judge-misapplied-law/article_aa4d0678-5a7a-11ef-991e-f7c3d5262cbc.html

# El Paso County sex assault conviction overturned after judge misapplied law

Both the trial judge and the defense attorney were under the mistaken impression that the defendant had to prove he remained incompetent to stand trial

Michael Karlik michael.karlik@coloradopolitics.com
Aug 14, 2024



FILE PHOTO: The Ralph L. Carr Judicial Center houses both the Colorado Supreme Court and the Colorado Court of Appeals as seen on Friday, March 1, 2024. The facility's namesake is the former Colorado Governor, Ralph Lawrence Carr, who served between 1939 and 1943 and was known for his opposition to Japanese Internment camps during the time.

Tom Hellauer/Denver Gazette

Prosecutors charged Micheal Cochran with numerous sex-related offenses, but his defense attorney became concerned that Cochran was struggling to understand the charges, possible penalties and the procedures more broadly.

Ultimately, Cochran underwent a court-ordered competency evaluation and a psychologist found him capable of moving forward. However, the defense requested a second evaluation after Cochran fell and suffered a head injury requiring surgery. A second psychologist met with Cochran and found him to have a mental or developmental disability with signs of possible dementia.

District Court Judge Eric Bentley then ordered the state to provide Cochran with competency restoration services. Before the services even began, however, a third psychologist evaluated Cochran and found him competent, with no signs of serious impairment.

Bentley held a hearing on the question of Cochran's ability to proceed to trial. Although the district attorney's office acknowledged it had the responsibility to prove Cochran was now competent, Cochran's defense attorney opened by mistakenly stating it was his burden to prove Cochran lacked competency.

Bentley heard from the psychologists about their competing evaluations of Cochran and deemed it a "close call." But Bentley, echoing the defense's incorrect understanding of the law, concluded Cochran had not proven he remained incompetent. Subsequently, Cochran pleaded guilty to one count of sexual assault and he received a sentence of three years to life in prison.

Case: People v. Cochran

Decided: July 11, 2024

Jurisdiction: El Paso County

Ruling: 3-0

Judges: Janice B. Davidson (author)

David H. Yun

Pax L. Moultrie

A three-judge panel for the Court of Appeals concluded Bentley and the defense attorney had confused two provisions of state law, one of which correctly required the prosecution to prove competency and the other required the defense to prove incompetency. Although the Colorado Attorney General's Office painted the defense attorney's mistake as deliberate, the panel was not convinced.

"On this record, we can't conclude that if the court had properly placed the burden on the prosecution to prove that Cochran was competent, the outcome would have been the same," wrote Judge Janice B. Davidson in the July 11 opinion.

The panel returned the case to Bentley to determine if it was feasible to assess whether Cochran was competent at the time of his 2022 guilty plea. If so, Cochran could be re-sentenced for the sex assault charge. If not, Bentley would need to resume the process under Colorado's competency laws.

The case is *People v. Cochran.*

## Colorado Politics Must-Reads:



Durango & Silverton loses bid to avoid La Plata County's land regulation at train station



Federal judge dismisses $50 million defamation lawsuit from woman called 'prostitute' at party



Appeals court finds Denver judge wrongly let child witness testify by CCTV

Divided Colorado Supreme Court upholds police's pat-down of man in 'wrong place at the wrong time'



MORE INFORMATION



**Federal judge dismisses challenge to Colorado law prohibiting online posting of police officers' personal info**

Appeals court rules man cannot use ex-wife's 16-year-old email to avoid $233,000 in child support

Englewood police should return defendant's $160.15 in cash, appeals court says

Seventh time's the charm? Trial judge again under consideration for appeals court vacancy

YES     NO

Michael Karlik, Colorado Politics

## Around the Web

Ads by Revcontent



Cinnamon: The Greatest Enemy of Blood Sugar (See How to Use)
GlycoShield



Take These Three Steps to Get Ahead of $40 Trillion Shockwave
Stansberry Research



Cardiologists: 1/2 Cup Before Bed Burns Belly Fat Like Crazy! Try This Recipe!
Health Headlines



Doctor Begs Americans With Neck Pain: "Stop Sleeping on These Pillows"
Sleep Digest Publication



Flight Attendant Reveals How to Fly Business Class for The Price of Economy
Online Shopping Tools



Millions of Seniors Swear by These $99 Hearing Aids
Oricle Hearing



Amazon's Worst Nightmare: Clever Trick Causing Many to Cancel Prime in 2025
Online Shopping Tools



Bariatrician Stunned: Forget Ozempic, This "Fixes" Your Hanging Belly! Try It!
Right Wing Health



This is The Best-rated ED Pill in The US - and It's Just 87¢
Health Alliance by Friday Plan

# Colorado Secretary of State

## Periodic Report

filed pursuant to §7-90-301, et seq. and §7-90-501 of the Colorado Revised Statutes (C.R.S)

**The entity name is**  Leventhal Swan Taylor Temming PC

**The entity ID Number is**  20121016495

**Jurisdiction under the law of which the entity was formed or registered is**

Colorado

**The principal office street address is**

3773 E Cherry Creek North Dr Ste 710
Denver CO 80209
US

**The principal office mailing address is**

3773 E Cherry Creek North Dr Ste 710
Denver CO 80209
US

**The name of the registered agent is**  C T Corporation System

**The registered agent's street address is**

7700 E Arapahoe Rd Ste 220
Centennial CO 80112
US

**The registered agent's mailing address is**

7700 E Arapahoe Rd Ste 220
Centennial CO 80112
US

The person above has agreed to be appointed as the registered agent for this entity.

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., and, if applicable, the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is named in the document as one who has caused it to be delivered.

**Name(s) and address(es) of the individual(s) causing the document to be delivered for filing**

Andrew Swan
3773 E Cherry Creek North Dr Ste 710
Denver CO 80209
US

# Colorado
# Secretary of State

## Articles of Incorporation for a Profit Corporation

filed pursuant to § 7-102-101 and § 7-102-102 of the Colorado Revised Statutes (C.R.S.)

**The domestic entity name of the corporation is**   KLCS PC

**The principal office street address is**

12640 Woodruff Dr
Colorado Springs CO 80921
US

**The principal office mailing address is**

12640 Woodruff Dr
Colorado Springs CO 80921
US

**The name of the registered agent is**  Michael D Kuhn

**The registered agent's street address is**

12640 Woodruff Dr
Colorado Springs CO 80921
US

**The registered agent's mailing address is**

12640 Woodruff Dr
Colorado Springs CO 80921
US

The person above has agreed to be appointed as the registered agent for this entity.

**The name(s) and address(es) of the incorporator(s)**

Michael D Kuhn
12640 Woodruff Dr
Colorado Springs CO 80921
US

**The classes of shares and number of shares of each class that the corporation is authorized to issue are**

The corporation is authorized to issue:
Common shares - 100

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., and, if applicable, the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is named in the document as one who has caused it to be delivered.

**Name(s) and address(es) of the individual(s) causing the document to be delivered for filing**

Michael D Kuhn
12640 Woodruff Dr
Colorado Springs CO 80921
US

# Colorado Secretary of State

## Periodic Report

filed pursuant to §7-90-301, et seq. and §7-90-501 of the Colorado Revised Statutes (C.R.S)

**The entity name is** Lahti Helfgott LLC

**The entity ID Number is** 20201888202

**Jurisdiction under the law of which the entity was formed or registered is**

Utah

**The principal office street address is**

299 S Main St Ste 1300
Salt Lake City UT 84111
US

**The principal office mailing address is**

299 S Main St Ste 1300
Salt Lake City UT 84111
US

**The name of the registered agent is** Jonathan Anderson Helfgott

**The registered agent's street address is**

2346 Akron St
Denver CO 80238
US

**The registered agent's mailing address is**

2346 Akron St
Denver CO 80238
US

The person above has agreed to be appointed as the registered agent for this entity.

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., and, if applicable, the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is named in the document as one who has caused it to be delivered.

**Name(s) and address(es) of the individual(s) causing the document to be delivered for filing**

Jonathan Helfgott
2346 Akron St
Denver CO 80238
US

| District Court, El Paso County, Colorado<br>Court Address: 270 South Tejon Street<br>　　　　　　　Colorado Springs, Colorado 80903<br>Telephone: (719)452-5000 | |
|---|---|
| | **.A.** COURT USE ONLY **.A.** |
| Plaintiff(s): Leventhal Lewis Kuhn Taylor Swan PC, a Colorado professional corporation,<br><br>v.<br><br>Defendant(s): Kristoffer Odin Jensen, and individual, and Amanda Lancaster, an individual. | Case Number: 2023CV32027<br><br>Division　　　　　Courtroom |

| **Motion for Relief of Judgement for Violation of Service Member Civil Relief Act and Motion for Stay** |
|---|

COMES NOW Ms. Lancaster and hereby files a Motion for Relief of Judgement for Violation of Service Member Civil Relief Act and Motion for Stay. An order accompanies this pleading.

Ms. Lancaster conferred with Plaintiffs' counsel by email prior to the filing of this motion. Plaintiffs opposed this pleading, and an agreement could not be reached.

<u>**BACKGROUND**</u>

1. This case was initiated in October of 2023.
2. A motion to dismiss was filed and ultimately denied.
3. Ms. Lancaster filed, via certified mail, and Answer to the Complaint.
4. Ms. Lancaster served on annual tour from March 4-15, 2024.
5. Plaintiffs sought entry of default on March 10, 2024.
6. Clerk's Entry of Default was entered on March 20, 2024.
7. Plaintiffs filed a Motion for Default Judgement on April 8, 2024.
8. Ms. Lancaster filed a motion for relief on April 10, 2024. It was denied.
9. Default Judgement was entered on

## **ARGUMENT**

1. Ms. Lancaster seeks relief from entry of default judgment and damages: Ms. Lancaster seeks relief from judgement under both Colorado Rules of Civil Procedure 60(b) and 59(d)(6).

   a. Colorado Rules of Civil Procedure 60(b) outlines relief from judgment and offers the following reasons for relief:

      i. (1) Mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

   b. Colorado Rules of Civil Procedure 59(d)(6) addresses grounds for a new trial:

      i. (1) Any irregularity in the proceedings by which any party was prevented from having a fair trial;

      ii. (6) Error in law: When application is made under grounds (1), (2), (3), or (4), it shall be supported by affidavit filed with the motion. The opposing party shall have 21 days after service of an affidavit within which to file opposing affidavits, which period may be extended by the court or by written stipulation between the parties. The court may permit reply affidavits.

   c. Relief Sought:

      i. Ms. Lancaster asserts that the Court mistakenly failed to apply protections under the Service Member Civil Relief Act when entering default judgement. Ms. Lancaster is a military reserve officer and served on annual tour, a form of active duty, in March of 2024 and is protected from entry of default and default judgement under this act. Ms. Lancaster's asserts the court should set aside entry of default judgment and the judgment damages because of this error.

Page 2 of?
Motion for Relief of Judgement Violation of Service Member Civil Relief Act

Case 3:25-cv-00108-HRH     Document 1     Filed 06/04/25     Page 28 of 41

2. Protections Under Service Member Civil Relief Act (SCRA):
    a. Section 502 outlines the purpose of this legislation and states:
        i. (1) to provide for, strengthen, and expedite the national defense through protection extended by this Act to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and
        ii. (2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service.[1]
    b. Section 3911 outlines definitions:
        i. (1) SERVICEMEMBER: The term "servicemember" means a member of the uniformed services, as that term is defined in section 101(a)(5) of title 10.
        ii. (2) MILITARY SERVICE: The term "military service" means-
            1. (A) in the case of a servicemember who is a member of the Army, Navy, Air Force, Marine Corps, Space Force, or Coast Guard-active duty, as defined in section 101(d)(1) of title 10, and
        iii. (3) PERIOD OF MILITARY SERVICE: The term "period of military service" means the period beginning on the date on which a servicemember enters military service and ending on the date on which the servicemember is released from military service or dies while in military service.
        iv. (5) COURT: The term "court" means a court or an administrative agency of the United States or of any State (including any political subdivision of a State), whether or not a court or administrative agency of record.
        v. (6) STATE: The term "State" includes-(A) a commonwealth, territory, or possession of the United States;

---

[1] 50 U.S.C.S App.§ 502.

c. Section 3931 outlines protections of servicemembers against default judgments and states:

    i. (a) APPLICABILITY OF SECTION: This section applies to any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance.

    ii. (b) AFFIDAVIT REQUIREMENT:

        1. (1)PLAINTIFF TO FILE AFFIDAVIT: In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit:

            a. (A)stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or

            b. (B)if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

    iii. (2) APPOINTMENT OF ATTORNEY TO REPRESENT DEFENDANT IN MILITARY SERVICE: If in an action covered by this section it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant. If an attorney appointed under this section to represent a servicemember cannot locate the servicemember, actions by the attorney in the case shall not waive any defense of the servicemember or otherwise bind the servicemember.

    iv. (c)PENALTY FOR MAKING OR USING FALSE AFFIDAVIT: A person who makes or uses an affidavit permitted under subsection (b) (or a statement, declaration, verification, or certificate as authorized under subsection (b)(4)) knowing it to be false, shall be fined as provided in title 18, or imprisoned for not more than one year, or both.

v. (d)STAY OF PROCEEDINGS: In an action covered by this section in which the defendant is in military service, the court shall grant a stay of proceedings for a minimum period of 90 days under this subsection upon application of counsel, or on the court's own motion, if the court determines that:

   1. (1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant; or

   2. (2) after due diligence, counsel has been unable to co☐tact the defendant or otherwise determine if a meritorious defense exists.

d. Ms. Lancaster filed a motion for relief in April of 2024. In that motion she outlined her concerns regarding protection applied to her for her service-related orders. The court erroneously stated Ms. Lancaster must be on active duty for one year to qualify. Service member protections apply for any period of active duty. Annual training is active duty.[2] The legislation is clear that active-duty periods trigger the protections under the SCRA and that the court *"shall"* reopen judgement.[3]

3. Violations of Service Member Civil Relief Act:

   a. Ms. Lancaster asserts the Court violated multiple protections under SCRA.

      i. First, that the court failed to recognize her annual tour as active duty. This active duty triggered specific protection against entry of default or default judgment.

---

[2] *United States v. Cline,* 26 M.J. 1005, 1007 (A.F.C.M.R. 1988), quoting "[t]o resolve the issue as to whether the military had *personam* jurisdiction to prosecute the appellant requires an analysis of procedures involved [**3] *in bringing reserve personnel on active duty for their annual tour of duty.* The authority for these procedures are contained in Air Force Regulation 10-7, *Administrative Orders* (Sept 86); Air Force Manual 30-130, *Base Level Military Personnel System, Users Manual,* Volume I, chapter 22, (Oct 86); and *DoD Military Pay and Allowances Entitlements Manual,* Table 1-2-1, Rule 7... We start this analysis be defining the terms (1) self activating orders, (2) active duty status and (3) active duty service. Self executing orders are those, which if properly authenticated, require no further action to become effective. Active duty status is the customary term utilized to maintain an individual in a proper format and for accountability by the military personnel system. Active service is the term applied to the time when an individual actually reports and is ready to perform military duties." *See also United States v. Phillips,* 58 M.J. 217, 218 (C.A.A.F. 2003), quoting "[t]he servicemember had traveled to a military base pursuant to orders, she was reimbursed for the travel and paid for the day, the orders were issued for active duty."

[3] 50 U.S.C.S App. § 393 l(d).

1. Ms. Lancaster has provided an affidavit and exhibit demonstrating her annual tour certification and orders.
2. As was previously mentioned, an annual tour for a reservist is active duty.

ii. Second, the court failed to appoint counsel to represent Ms. Lancaster in this matter as is required under SCRA.

1. The court had notice of Ms. Lancaster's active-duty orders and service and failed to appoint counsel.

iii. Third, the court did not stay the proceedings or reverse entry of default once it was made clear SCRA protections applied to Ms. Lancaster.

1. The court, once given notice of Ms. Lancaster's military active service, had options to stay the proceedings, vacate entry of default, or appoint counsel. The court failed to apply any of these remedies and as such a violation of SCRA protections took place. Violations of SCRA can result in fines, damages, attorney's fee awards, or other civil relief as deemed appropriate.

4. Stay of Enforcement of Judgement Pending Motion for Relief:

a. Ms. Lancaster requests the court grant a discretionary stay of enforcement of judgement and all proceedings relating to this enforcement while this motion is pending.

b. Colorado Rules of Civil Procedure Rule 62(b) outlines stay of proceedings to enforce a judgment and states:

i. (b) Discretionary stay. In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of, or any proceedings to enforce, a judgment.

c. The court has discretion to stay enforcement of judgement while a motion for relief is pending. In this case, the motion is included in this request for stay. The court can look to the likelihood of success of the motion and to the notice of the pending posting of the bond while the appeal is pending.

## CONCLUSION

As such, Ms. Lancaster requests the court vacate the entry of default judgment and damages. Additionally, Ms. Lancaster requests the court grant the discretionary stay while this motion is pending.

### SIGNATURE

*fkc▢fl M· b@.cCJ..Md*
(m:gnature of Defendant)

Amanda m. Lancaster  12/17/2024
Signature of Defendant          Date

_____
Signature of Attorney (if any)

## ORDER GRANTING MOTION FOR RELIEF FROM JUDGEMENT AND STAY

IT IS HEREBY ORDERED that Ms. Lancaster's Motion for Stay is GRANTED.

IT IS HEREBY ORDERED that Ms. Lancaster's Motion for Relief from Judgement is GRANTED. The entry of default judgment, default judgement, and damages are vacated.

Dated this ___ day of _____ ▢20__.

BY THE COURT:

_____
District Court Judge

| | |
|---|---|
| District Court, El Paso County, Colorado<br>Court Address: 270 South Tejon Street<br>          Colorado Springs, Colorado 80903<br>Telephone: (719)452-5000 | |
| | .&   COURT USE ONLY   **A** |
| Plaintiff(s): Leventhal Lewis Kuhn Taylor Swan PC, a Colorado professional corporation,<br><br>v.<br><br>Defendant(s): Kristoffer Odin Jensen, and individual, and Amanda Lancaster, an individual. | Case Number: 2023CV32027<br><br>Division          Courtroom |
| **Declaration of Amanda M. Lancaster** | |

I, Amanda M. Lancaster, hereby depose and say of my own personal knowledge as follows:

1. I am a Defendant in this case.

2. I performed active service from March 4-15, 2023. A copy of my annual tour orders is attached.

3. Plaintiffs sought entry of default on March 10, 2024.

4. Clerk's Entry of Default was entered on March 20, 2024.

5. Plaintiffs filed a Motion for Default Judgement on April 8, 2024.

6. Ms. Lancaster filed a motion for relief on April 10, 2024. In this motion I outlined by concerns regarding protections under the Service Member Civil Relief Act. It is my understanding that the court is not allowed to enter default judgement for a service member during active service periods or within 60 days of departure of active orders.

7. I have sought review of my rights through the military. I have been advised to file this motion for relief and request a stay of the judgement and execution or collections of the judgment pending review of the motion for relief.

Dated December 17, 2024, at Anchorage, Alaska.

<u>S/Amanda M. Lancaster</u>
Amanda M. Lancaster

# REQUEST AND AUTHORIZATION FOR ACTIVE DUTY TRAINING/ACTIVE DUTY TOUR

**BY ORDER OF THE SECRETARY OF THE AIR FORCE**

**PRIVACY ACT STATEMENT**

*AUTHORITY: 10 USC 8013; Executive Order 9397.*
*PRINCIPAL PURPOSES: Used to request and authorize Air Force reservist tours of active duty as well as acting as a temporary duty travel order. SSN is used to make positive identification of military personnel. Becomes record copy of orders after authentication; enables reservist to procure transportation, receive reimbursement for travel expenses and be paid military pay, as applicable.*
*ROUTINE USES; A copy of the order may be provided to civilian employers to substantiate active duty military requirements.*
*DISCLOSURE IS VOLUNTARY: However, without this information and SSN the Air Force cannot act on your travel, per diem and pay entitlements.*

| 1. NAME (Last, First, MI) | | 2. GRADE | 3 SSN |
|---|---|---|---|
| LANCASTER, AMANDA | | | |

| 4 PRESENT STREET ADDRESS | 5. CITY | 6. STATE | 7. ZIP CODE |
|---|---|---|---|
| | | | |

| 8. UNIT OF ASSIGNMENT | 9. LOCATION | 10. PAS CODE |
|---|---|---|
| | | |

| 11. Mbr is ordered to ANNUAL TRAINING | for 12 • days plus auth tvl time. (0 Tvl Days) | TRACKING#: 10158764 |
|---|---|---|

| 12. WILL REPORT TO (Unit and location) | 13. REPORTING DATA (Hour) (YYYYMMDD) | 14. RELEASE DATE (YYYYMMDD) |
|---|---|---|
| | 0730    20240304 | 20240315 |

| | 15. CORPORATE LIMITS / | 16. COMMUTING AREA | 17. BAS CODE N |
|---|---|---|---|

**18. REMARKS**    **AUTH: AFMAN 36-2001** *(File travel voucher and completed statement of tour of duty within 5 workdays after tour completion. Travel* **will** *not exceed DODFMR authorized travel time. Per diem is based on availability of gov't quarters and mess; contact the base billeting office since gov't quarters must be used when available.*

SEE NEXT PAGE FOR REMARKS.

[CONTINUED ON NEXT PAGE]

| 19. TNG-CAT-IND | 20 TOUR-IND | 21. MEAN CODE | 22. MAN-DAY ID |
|---|---|---|---|

| **ESTIMATED COST** | 23 TRAVEL $0.00 | 24. PER DIEM $0.00 | 25. OTHER $0.00 | 26. TOTAL $0.00 |
|---|---|---|---|---|

**27.    PAY AND ALLOWANCE**

| 28. TRA    REQUESTING OFFICIAL | (Typed name, grade, DSN) | 29 SIGNA    R | 30. DATE |
|---|---|---|---|
| | | "ELECTRONICALLY APPROVED" | 20240209 |

| 31. **DEPARTMENT OF THE AIR FORCE** (Enter designation and location of headquarters.) | TDN: | FOR THE COMMANDER |
|---|---|---|
| ARPC SWC HQ ARPC BUCKLEY AFB, CO 80011 | | 35. AUTHORIZING/ORDER ISSUING OFFICIAL (Title and Sig...) WALTER J GIEBLER JR, GS11 "ELECTRONICALLY APPROVED" |

| 32 RESERVE ORDER NO. | 33. DATE | 34 DISTRIBUTION |
|---|---|---|
| DAQIPD | 20240209 | |

**36.    STATEMENT OF TOUR OF DUTY**

| | LOCATION | HOUR (mil) | DAY | MONTH | | LOCATION | HOUR(mil) | DAY | MONTH | MODE OF TRAVEL |
|---|---|---|---|---|---|---|---|---|---|---|
| a. DEPART | | 0000 | 4 | 3 | b. ARRIVE | | 0730 | 4 | 3 | Personal Car |
| c. DEPART | | 0000 | 15 | 3 | d. ARRIVE | | 0000 | 15 | 3 | Personal Car |

| 37 I certify that I have complied with the above order. The statements on this form are true and complete. If a Federal Civil Service Employee, I certify that I have applied for appropriate leave. | **CERTIFICATION** |
|---|---|
| | 40. Member reported for duty at 0730 hours on 20240304 and was released from duty at 0430 hours on 20240315 |
| My Spouse        was        in Active Duty status during this tour, I        did not        occupy gov'l quarters. | 41. CERTIFYING OFFICIAL'S PRINTED NAME | 42. DSN |

| 38. MEMBER'S SIGNATURE cn=LANCASTER.AMANDA.1244l07520,ou=USAF,ou =PKI,ou=DoD,o=U.S. Government,c=US | 39. DATE 20240413 | 43. CERTIFYING OFFICIAL'S SIGNATURE cn=ALMANZA.JESSICA.J0.1104690501,ou=USAF,ou=PK,I,ou= DoD o=U S Government,c=US | 44. DATE 20240910 |
|---|---|---|---|

| 47 TIMEKEEPER STATEMENT I certify receiving a copy of this order for civilian pay related review and processing. | 45 TIMEKEEPER SIGNATURE |
|---|---|

**AF FORM 938, 20080724**    PREVIOUS EDITIONS ARE OBSOLETE

Exh I.

**OFF/CIAL**

LANCASTER, *AMANDN* ████████████

ANNUAL TRAINING

Continuation of AF Form 938, Block 18.  Remarks (AFMAN 36-8001):

a.  AUTH: 10 USC 1230I(b)

b.  PAY ANDALLOWANCEESPCODE: *NIA.*

c.  TRAVELER USES INDIVIDUALLY BILLED ACCOUNT (IBA).

d.  IF THIS ORDER CONFLICTS WITH THE ITR, THE JTR PREVAILS.

e.  IF THIS ORDER IS FOR A PERIOD OF ACTIVE DUTY OF 90 CONSECUTIVE DAYS OR MORE, INITIAL ACTIVE DUTY FOR TRAINING (BMT AND TECHNICAL SCHOOL), OR IN DIRECT SUPPORT OF A CONTINGENCY OPERATION, SUBMIT A DD FORM 214 WORKSHEET (CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY) VIA VMPF AT THE TIME YOU CERTIFY AND SUBMIT FOR RECEIPT OF PAY.

f.  FOR THIS ORDER, MEMBER WILL DEPART FROM: ███████████████████████

g.  03299831
AT:

h.  MEMBERS DUTY STATUS IS 19

i  PERSTEMPO CODE, IS J. ████████████        ███████████████

j.  RENTALCARISNOTAUTHORIZEDAT
██████████████████████████████

k.  ADVANCE BY FSO IS NOT AUTHORIZED. TRAVELER HAS A GOVT CHARGE CARD AND PIN, WHICH WILL BE USED FOR ATM CASH ADVANCES AND MEALS AND INCIDENTAL EXPENSES (M–IE) PLUS MISCELLANEOUS EXPENSES

l.  THE TRAVEL AND TRANSPORTATION REFORM ACT OF 1998 (TTRA), PUBLIC LAW 105-264 STIPULATES THAT THE GTCC WILL BE USED BY ALL U.S. GOVERNMENT PERSONNEL, MILITARY AND CIVILIAN TO PAY FOR COSTS INCIDENT TO OFFICIAL GOVERNMENT TRAVEL UNLESS SPECIFICALLY EXEMPT.

m.  THE INTENT OF THIS ORDER IS TO FUND THE TOUR THROUGH THE END DATE FOUND IN BLOCK 14 OF THE AF FORM 938. THIS IS CONTINGENT UPON CONTINUED FUNDING AVAILABILITY WITH THE APPROVAL OF AN APPROPRIATION OR A CONTINUING RESOLUTION ACTION. IF NEITHER OF THESE OCCUR, THE ORDER WILL BE CURTAILED AND THE MEMBER MUST RETURN TO THEIR HOME/PLEAD.

n.  IF APPLIES, MEMBER IS DIRECTED TO ACCOMPLISH RCPHA IAW DAFMAN 48-123, MEDICAL EXAMINATIONS AND STANDARDS ON THIS TOUR AND ENSURE INFORMATION IS UPDATED IN PIMR. IF APPLIES, MEMBER IS DIRECTED TO COMPLETE THE ANNUAL DENTAL EXAM IAW DAFMAN 48-123, MEDICAL AND STANDARDS ON THIS TOUR AND ENSURE INFORMATION IS UPDATED IN EXAMINATIONS CDA. IF APPLIES, MEMBER IS DIRECTED TO PERFORM FITNESS ASSESSMENT IAW AFMAN 36-2905, FITNESS PROGRAM ON THIS TOUR AND ENSURE MYFITNESS IS UPDATED. MEMBER WILL COMPLETE ALL READINESS ACTIONS DURING THIS ORDER. RENTAL CAR NOT AUTHORIZED FOR REIMBURSEMENT WHILE IN IDT STATUS

2

### Sec. 12301. Reserve components generally

(a) In time of war or of national emergency declared by Congress, or when otherwise authorized by law, an authority designated by the Secretary concerned may, without the consent of the persons affected, order any unit, and any member not assigned to a unit organized to serve as a unit, of a reserve component under the jurisdiction of that Secretary to active duty for the duration of the war or emergency and for six months thereafter. However a member on an inactive status list or in a retired status may not be ordered to active duty under this subsection unless the Secretary concerned, with the approval of the Secretary of Defense in the case of the Secretary of a military department, determines that there are not enough qualified Reserves in an active status or in the inactive National Guard in the required category who are readily available.

(b) At any time, an authority designated by the Secretary concerned may, without the consent of the persons affected, order any unit, and any member not assigned to a unit organized to serve as a unit, in an active status in a reserve component under the jurisdiction of that Secretary to active duty for not more than 15 days a year. However, units and members of the Army National Guard of the United States or the Air National Guard of the United States may not be ordered to active duty under this subsection without the consent of the governor of the State (or, in the case of the District of Columbia National Guard, the commanding general of the District of Columbia National Guard).

(c) So far as practicable, during any expansion of the active armed forces that requires that units and members of the reserve components be ordered to active duty as provided in subsection (a), members of units organized and trained to serve as units who are ordered to that duty without their consent shall be so ordered with their units. However, members of those units may be reassigned after being so ordered to active duty.

(d) At any time, an authority designated by the Secretary concerned may order a member of a reserve component under his jurisdiction to active duty, or retain him on active duty, with the consent of that member. However, a member of the Army National Guard of the United States or the Air National Guard of the United States may not be ordered to active duty under this subsection without the consent of the governor or other appropriate authority of the State concerned.

(e) The period of time allowed between the date when a Reserve ordered to active duty as provided in subsection (a) is alerted for that duty and the date when the Reserve is required to enter upon that duty shall be determined by the Secretary concerned based upon military requirements at that time.

(f) The consent of a Governor described in subsections (b) and (d) may not be withheld (in whole or in part) with regard to active duty outside the United States, its territories, and its possessions, because of any objection to the location, purpose, type, or schedule of such active duty.

Exh 2.

(g)(1) A member of a reserve component may be ordered to active duty without his consent if the Secretary concerned determines that the member is in a captive status. A member ordered to active duty under this section may not be retained on active duty, without his consent, for more than 30 days after his captive status is terminated.

(2) The Secretary of Defense shall prescribe regulations to carry out this section. Such regulations shall apply uniformly among the armed forces under the jurisdiction of the Secretary. A determination for the purposes of this subsection that a member is in a captive status shall be made pursuant to such regulations.

(3) In this section, the term "captive status" means the status of a member of the armed forces who is in a missing status (as defined in section 551(2) of title 37) which occurs as the result of a hostile action and is related to the member's military status.

(h)(l) When authorized by the Secretary of Defense, the Secretary of a military department may, with the consent of the member, order a member of a reserve component to active duty -

    (A) to receive authorized medical care;

    (B) to be medically evaluated for disability or other purposes; or

    (C) to complete a required Department of Defense health care study, which may include an associated medical evaluation of the member.

(2) A member ordered to active duty under this subsection may, with the member's consent, be retained on active duty, if the Secretary concerned considers it appropriate, for medical treatment for a condition associated with the study or evaluation, if that treatment of the member is otherwise authorized by law.

(3) A member of the Army National Guard of the United States or the Air National Guard of the United States may be ordered to active duty under this subsection only with the consent of the Governor or other appropriate authority of the State concerned.

I, Amanda M. Lancaster, hereby depose and say of my own personal knowledge as follows:

1.    I am the Plaintiff in this injunction.

2.    I performed active service from March 4-15, 2023. A copy of my annual tour orders is attached.

3.    Leventhal Lewis Taylor Kuhn Swan PC sought entry of default on March 10, 2024. No copy of this filing was sent or received.

4.    Clerk's Entry of Default was entered on March 20, 2024. No copy was received.

5.    Leventhal Lewis Taylor Kuhn Swan PC filed a Motion for Default Judgement on April 8, 2024. On April 9, 2024, an email was sent informing Ms. Lancaster of this filing.

6.    Ms. Lancaster filed a motion for relief on April 10, 2024. In this motion I outlined by concerns regarding protections under the Service Member Civil Relief Act. It is my understanding that the court is not allowed to enter default judgement for a service member during active service periods or within 60 days of departure of active orders.

7.    Eric Bentley refused to follow the law regarding protections under Service Member Civil Relief Act (SCRA). Both Eric Bentley and Jonathan Helfgott erroneously applied a standard of 365 days of active orders for reservists to qualify for SCRA protections. This is blatantly inaccurate.

8.    On December 17, 2024, Ms. Lancaster filed a second motion for relief of judgement and stay of order. Again, Eric Bentley and Jonathan Helfgott applied an incorrect standard for SCRA protection.

9.    Annual tour counts as active-duty time for all title 10 reservists. The order explicitly states it is an active-duty order and references the title 10 code.

10.    Ms. Lancaster sought additional guidance from the United States Air Force and was advised to file this injunction to protect her rights.

11.    Ms. Lancaster has addressed the violation of SCRA two times and seeks sanctions and damages for multiple violations of SCRA. The first violation can warrant damages in the amount of $55,000 for the first offense and $110,000 for the

second offense. Ms. Lancaster seeks an award of damages for two offenses for all names defendants based on two attempts to remedy the violation.

12.     Eric Bentley refused to allow Ms. Lancaster to testify at the damages hearing and unilaterally applied treble damages in the amount of $411,000, plus attorney's fees, and interest. Garnishment was applied with no notice. Lines were applied with no notice. The effect of this erroneous judgment has had a significant and ongoing impact to Ms. Lancaster. Ms. Lancaster has paid over $60,000 in attorney fees and costs (and they are still growing). As such, Ms. Lancaster seeks immediate actual damages, attorney fees and costs, and punitive damages.


_____

Amanda Lancaster



SUBSCRIBED AND SWORN to before me this __2__ day of _June_ _____, 2025, at _Anchorage_____, Alaska.

Notary Public in & for _Alaska___

Amanda Stoddard
State of Alaska
Notary Public
Commission No. 250429004
My Commission Expires 04-29-2029

My commission expires: _4-29-29_