IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AMANDA LANCASTER,<br><br>              Plaintiff,<br><br>vs.<br><br>LEVENTHAL LEWIS KUHN TAYLOR SWAN, PC, et al.,<br><br>              Defendants. | No. 3:25-cv-00108-HRH |

ORDER

Motions to Dismiss

Defendants Leventhal Lewis Kuhn Taylor Swan PC and members of that firm move to dismiss plaintiff Amanda Lancaster's complaint for lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.[1] Colorado District Court Judge Eric Bentley, an individual defendant, also moves to dismiss for lack of subject-matter jurisdiction and on judicial immunity grounds.[2] Both motions are opposed by Lancaster.[3] The defendants have replied.[4] Oral argument has not been requested and is not deemed necessary.

---

[1] Mot. to Dismiss, Docket No. 22.

[2] Mot. to Dismiss and Mem. of Law, Docket Nos. 24 and 25.

[3] Resp. in Opp'n, Docket No. 27.

[4] Replies, Docket Nos. 28 and 29.

ORDER – Motions to Dismiss

Background Facts[5]

The law firm defendants are a Colorado law firm and several Colorado attorneys.[6] The defendants and Lancaster entered into an agreement to establish and open a satellite office in Alaska where Lancaster is an attorney.[7]

The efforts of the defendants and Lancaster to establish a satellite law office, begun in early 2023, fell apart rather quickly.[8] Lancaster and the law firm terminated their agreement to open an Alaska office on August 4, 2023.[9] The law firm filed suit against Lancaster in the District Court for El Paso County, Colorado.[10] The case was assigned to defendant Judge Eric Bentley. In its October 20, 2023, complaint, the law firm alleged

---

[5] Pursuant to Federal Rule of Evidence 201, the Court grants Judge Bentley's request for the Court to take judicial notice of certified records from Colorado state court. See Leventhal Lewis Kuhn Taylor Swan PC v. Jensen, et al., Case No. 2023CV032027; Joint Exs., Docket Nos. 31-1 through 31-6 & 31-9 through 31-28. The Colorado cases form the basis of Lancaster's complaint, and therefore the Court properly considers the state court records in deciding the instant motions to dismiss. Compl. at 5, Docket No. 1 (alleging that the Colorado court violated the Servicemembers Civil Relief Act by entering default and default judgment against Lancaster); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (holding that a document not attached to a complaint but filed by a defendant with a pleading may be considered in determining a Rule 12(b) motion if the document forms the basis of the plaintiff's claim).

[6] Complaint at 2, 4, 9, 20-25, Docket No. 1.

[7] Joint Ex. 1 at 3, Docket No. 31-1.

[8] Joint Ex. 1 at 3-5, Docket No. 31-1; see Docket No. 25-5 at 3, ¶ A, where Judge Bentley observed: "[t]he arrangement lasted only a few months before it fell apart very badly."

[9] Joint Ex. 1 at 5, Docket No. 31-1.

[10] Joint Ex. 1 at 1, Docket No. 31-1.

claims for breach of contract, civil theft, conversion, fraud, and violation of the Colorado Organized Crime Control Act.[11] By December 13, 2023, Lancaster had not filed an answer or otherwise responded to the complaint and so, on December 14, 2023, the law firm moved for the entry of default against Lancaster.[12]

On December 22, 2023, Lancaster moved to dismiss the Colorado complaint, maintaining that the Colorado court lacked subject-matter and personal jurisdiction.[13] Judge Bentley denied Lancaster's motion to dismiss by order of February 1, 2024.[14] By March 11, 2024, Lancaster had yet to file an answer to the law firm's complaint and the law firm moved again for the entry of default against Lancaster.[15] Judge Bentley granted the motion for entry of default on March 20, 2024.[16]

On April 1, 2024, Lancaster filed a form answer to the law firm's complaint.[17] In a declaration filed on April 7, 2024, the law firm enumerated its damages, attorneys' fees, and costs, and averred that it had reviewed the Servicemember Civil Relief Act ("SCRA") website, which showed that Lancaster, while a reservist in the Air Force, had not been on active duty for over a year preceding April 7.[18] On April 10, 2024, Lancaster moved to set

---

[11] See generally Joint Ex. 1, Docket No. 31-1.

[12] Joint Ex. 2 at 1, Docket No. 31-2; Joint Ex. 3 at 1, Docket No. 31-3.

[13] Joint Ex. 4 at 1-9, Docket No. 31-4.

[14] Joint Ex. 6 at 1-8, Docket No. 31-6.

[15] Joint Ex. 9 at 1-3, Docket No. 31-9.

[16] Joint Ex. 9 at 5, Docket No. 31-9.

[17] Joint Ex. 10 at 1-2, Docket No. 31-10.

[18] Joint Ex. 11 at 1-3, Docket No. 31-11; Joint Ex. 12 at 2, Docket No. 31-12.

ORDER – Motions to Dismiss 3

aside the entry of default, arguing that she was not properly served or alternatively that excusable neglect existed to vacate the default.[19] She also maintained that when she was mailed the order denying her motion to dismiss she was on "reserve orders" and so "the [SCRA] applies to any stay or notice for unavailability for a civil legal action while [she] was unavailable."[20]

Judge Bentley denied Lancaster's motion to set aside the entry of default on June 4, 2024.[21] Regarding Lancaster's SCRA allegations, Judge Bentley found that she was not on active duty, as evidenced by the evidence provided by the law firm from the SCRA website.[22] On June 25, 2024, counsel for Lancaster filed a more robust answer with affirmative defenses and counterclaims to the Law Firm's complaint.[23] On July 1, 2024, Judge Bentley granted the law firm's motion for entry of default judgment and ordered a hearing on damages.[24] After conducting a damages hearing, Judge Bentley entered judgment against Lancaster in an amount in excess of $400,000 on September 20, 2024.[25]

On November 8, 2024, Lancaster appealed the judgment to the Colorado Court of Appeals.[26] On December 18, 2024, Lancaster moved for relief from judgment for a

---

[19] Joint Ex. 13 at 1-5, Docket No. 31-13.

[20] Joint Ex. 13 at 3, Docket No. 31-13.

[21] Joint Ex. 16 at 1-10, Docket No. 31-16.

[22] Joint Ex. 16 at 4, Docket No. 31-16.

[23] Joint Ex. 17 at 1-16, Docket No. 31-17.

[24] Joint Ex. 18 at 1-2, Docket No. 31-18.

[25] Joint Ex. 20 at 1-4, Docket No. 31-20.

[26] Joint Ex. 21 at 1, Docket No. 31-21.

ORDER – Motions to Dismiss 4

violation of the SCRA and for a stay in the Colorado district court.[27] In the motion, Lancaster maintained that Judge Bentley erroneously failed to apply the protections provided by the SCRA when it entered default judgment against her because she was on "active duty" in March 2024.[28] On January 3, 2025, Judge Bentley issued an order finding that the court lacked jurisdiction over the motion because Lancaster's appeal was pending with the Colorado Court of Appeals.[29]

On February 28, 2025, Lancaster's attorney filed an opening brief in the Colorado Court of Appeals.[30] In the brief, Lancaster contends, among other things, that Judge Bentley erred by failing to further investigate Lancaster's assertion of SCRA rights before proceeding with default.[31] While this order was in draft, the Colorado Court of Appeals ruled on Lancaster's appeal. Judge Bentley's decision has been affirmed.[32]

Lancaster then filed two new cases flowing from the failed plan to open a law office in Alaska, the first in Anchorage Superior Court[33] and the second was this case, filed in this Court. In her complaint in this case, Lancaster alleges that "the District Court of Colorado erroneously violated Servicemembers Civil Relief Act by entering default and

---

[27] Joint Ex. 22 at 1, Docket No. 31-22.

[28] Joint Ex. 22 at 2, Docket No. 31-22.

[29] Joint Ex. 24 at 1, Docket No. 31-24.

[30] Joint Ex. 25 at 1, Docket No. 31-25.

[31] Joint Ex. 25 at 47-48, Docket No. 31-25.

[32] Defs.' Notice of Suppl. Materials at 4, Docket No. 33.

[33] Ex. A, Docket No. 1-1 (Case No. 3:25-cv-00072-HRH). The law firm defendants removed the case to federal court, but the matter was ultimately remanded back to state court. Docket No. 21 (Case No. 3:25-cv-00072-HRH).

default judgment against [her]."[34] Lancaster further alleges that Judge Bentley "has violated federal law and acted outside of his jurisdcition [sic] in doing so."[35] She seeks as relief both "an injunction to remedy the violation of the [SCRA] relating . . . to this entry of default" and damages.[36] With her complaint, Lancaster filed a copy of the motion for relief from judgment pursuant to the SCRA that she filed in the Colorado court.[37] The law firm defendants and Judge Bentley timely served and filed their respective motions to dismiss.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(1) provides that a party may seek dismissal of an action based on the assertion that the court lacks subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." Id. In a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.

## Discussion

A. The Rooker-Feldman Doctrine

The Rooker-Feldman doctrine applies to "cases brought by state-court losers

---

[34] Compl. at 5-6, Docket No. 1.

[35] Compl. at 6, Docket No. 1.

[36] Compl. at 6-7, Docket No. 1.

[37] Compl. at 27-33, Docket No. 1.

ORDER – Motions to Dismiss 6

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923); Cogan v. Trabucco, 114 F.4th 1054, 1064 (9th Cir. 2024) (holding that Rooker-Feldman "appl[ies] only to suits alleging errors by the state courts in rendering judgment, as opposed to misconduct by litigants in obtaining such a judgment"). "[S]uch suits [are] out of bounds, *i.e.*, properly dismissed for want of subject-matter jurisdiction." Exxon Mobil, 544 U.S. at 284.

Pursuant to the Rooker-Feldman doctrine, a district court cannot exercise jurisdiction "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court[] and seeks relief from a state court judgment based on that decision . . . ." Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003). The doctrine therefore applies when a plaintiff: (1) asserts as its legal injury an error by a state court and (2) seeks relief from the state court's related judgment. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004). Although Rooker-Feldman generally does not preclude a federal court from hearing a case involving other issues, such as constitutional claims, it forecloses jurisdiction over any issues that are "inextricably intertwined" with a state court judgment. Cooper v. Ramos, 704 F.3d 772, 778 (9th Cir. 2012) (emphasis omitted). An issue is "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Id. at 779 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

The defendants rely upon Rooker-Feldman as a basis to dismiss this action. The law firm defendants maintain that in this action Lancaster "seeks to relitigate" the issue of whether the entry of a default judgment against her was precluded by the SCRA in violation of Rooker-Feldman.[38] And Judge Bentley contends that Rooker-Feldman bars this Court from exercising jurisdiction over this action because Lancaster seeks a reversal of Judge Bentley's order rejecting Lancaster's argument that the SCRA required vacatur of the default against her.[39]

Although Lancaster acknowledges the holding of the Ninth Circuit Court of Appeals in Gouveia v. Espinda, 926 F.3d 1102, 1105 (9th Cir. 2019), to the effect that "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court," she nonetheless argues that she "is not seeking review of the Colorado case."[40] But, in the next breath, Lancaster asserts that her request for an injunction is solely to address the violation of the SCRA. The purported SCRA violation was Judge Bentley's entry of default judgment against Lancaster in the Colorado case.[41] Therefore, Lancaster's action in this Court falls squarely with the Rooker-Feldman doctrine: she is a "state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil, 544 U.S. at 284. And

---

[38] Mot. to Dismiss at 7, Docket No. 22.

[39] Mem. at 11, Docket No. 25.

[40] Resp. in Opp'n at 4, Docket No. 27.

[41] Resp. in Opp'n at 4, Docket No. 27.

while Lancaster maintains that the SCRA is akin to federal habeas and bankruptcy statutes, which fall outside the realm of Rooker-Feldman, she cites no case law in support.[42] The law firm defendants aptly point out that the federal habeas and bankruptcy statutory schemes "expressly authorize federal review and modification of state judgments."[43] The "SCRA contains no such provision."[44]

The Court concludes that it lacks jurisdiction over this case pursuant to the Rooker-Feldman doctrine.[45]

B. Judicial Immunity

In support of his motion to dismiss, Judge Bentley also argues that he is immune from suit based upon his judicial acts.[46] Lancaster acknowledges that there is judicial immunity, but argues that judicial immunity is overcome in this case because Judge Bentley purportedly acted without jurisdiction and he "should be liable for actions taken under his conduct in an enforcement capacity."[47]

Judicial officers are entitled to absolute judicial immunity from federal suits for judicial acts taken within the jurisdiction of their courts, and "judicial immunity is not

---

[42] Resp. in Opp'n at 5, Docket No. 27.

[43] Reply at 4, Docket No. 28.

[44] Reply at 4, Docket No. 28 (citing In re Gruntz, 202 F.3d 1074, 1079 (9th Cir. 2000).

[45] Because the Court concludes that it lacks jurisdiction over this case pursuant to Rooker-Feldman, the Court does not address the law firm defendants' arguments regarding Younger or Colorado River abstention or personal jurisdiction.

[46] Mem. at 9-10, Docket No. 25.

[47] Resp. in Opp'n at 18-19, Docket No. 27.

overcome by allegations of bad faith or malice." Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349 (1978). Judicial immunity is an absolute immunity from suit overcome only (1) where a judge takes actions outside of judicial capacity, or (2) where judicial actions were taken in the complete absence of all jurisdiction. Mireles, 502 U.S. at 11-12.

It is clear from the Colorado case records which are before the Court that Judge Bentley was at all times acting in a judicial capacity with jurisdiction to do so. Lancaster suggests that Judge Bentley lacked jurisdiction to enter orders against her because she was not properly served. However, Judge Bentley undoubtedly had jurisdiction over a case initiated in his court and during the course of which he issued numerous orders. Judge Bentley rejected Lancaster's arguments that the court lacked personal jurisdiction over Lancaster. Nothing before the Court suggests that Judge Bentley lacked jurisdiction over the Law Firm's case against Lancaster.

Lancaster also maintains that Judge Bentley can be liable for actions "in his enforcement capacity." Lancaster does not specify what actions Judge Bentley took in an enforcement capacity. The case she cites, Supreme Court of Virginia v. Consumers Union of United States, 446 U.S. 719, 736 (1980), involved a suit against the Virginia Supreme Court and its chief justice challenging the disciplinary rules governing the conduct of attorneys. Id. at 721. The United States Supreme Court held that the chief justice could be sued in his official capacity for his enforcement activities and that the prevailing party could seek attorney's fees. Id. at 728, 736. That case bears no resemblance to what occurred here.

ORDER – Motions to Dismiss 10

Because Judge Bentley's actions all fall within his judicial capacity and there is no evidence that his judicial actions were taken in the absence of all jurisdiction, the Court finds that absolute immunity precluding this action from proceeding against Judge Bentley.

C. <u>Failure to State a Claim</u>

The law firm defendants also argue that Lancaster's complaint fails to state a claim on which relief can be granted because the SCRA does not create a private right of action, Lancaster's claim is barred by the doctrines of claims splitting and issue preclusion, and Lancaster has not plausibly alleged a SCRA claim as to the law firm defendants because any conduct by the law firm would be protected by the litigation privilege.[48] The Court does not reach any of those grounds for dismissal because, as explained above, this Court lacks subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine and Judge Bentley is entitled to absolute judicial immunity.

Conclusion

The defendants' motions to dismiss[49] are granted. This case is dismissed.

DATED at Anchorage, Alaska this 6th day of November, 2025.

/s/ H. Russel Holland<br>United States District Judge

---

[48] Mot. to Dismiss at 16-22, Docket No. 22.

[49] Docket Nos. 22, 24.